-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re DASHON HINES,

        Petitioner,

**DECISION AND ORDER**
15-mc-17A

Petitioner, Dashon Hines, who has been enjoined from filing any further (new) actions in this Court without first obtaining permission from the Court, *In re: Dashon Martel Hines*, 13-mc-27A, Docket No. 6, Decision and Order), has filed another Request for Permission to file a new action. Hines has filed at least 12 other Requests since January 5, 2015, all of which have been denied. (*In re Dashon M. Hines*, 15-mc-1,4-10, 12). Hines has filed notices of appeal from each of the Judgments denying his numerous Requests for Permission.

Hines was enjoined from filing any further (new) actions in this Court without first obtaining Court permission because he had filed at least 28 cases in the Court between September 28, 2012 and June 2, 2013, and had sought permission to proceed *in forma pauperis* in each of them. Eighteen of these cases were brought within a six to seven week period between October and November 2012.

Hines's instant Request for Permission is virtually identical to all the prior Requests submitted and states that "[t]he right to petition [the] government for

redress of grievances is the right to make a complaint to, or seek assistance of, one's government, without fear of punishment or reprisals" and that "Article 44 of the Charter of Fundamental Rights of the European Union ensures the right to petition to the European Parliament. (Docket No. 1, Requests for Permission.) The Request also states that the First Amendment provides him with the freedom of religion, speech, press, assembly and petition. There is nothing set forth in the Request nor the proposed "civil rights complaint" provided with the Request that provide a basis for permitting Hines to file the proposed complaint and application to proceed *in forma pauperis* in this Court.

The instant proposed complaint purports to allege employment discrimination against an insurance company. Plaintiff claims that on January 30, 2015--the date he filed the instant Request and proposed complaint--the defendant denied him employment due to "Race, Color, Religion, National Origin, National [O]rigin, Sex, Familial [S]tatus, Genetic [I]nformation, and [C]itizenship." Plaintiff provides nothing that indicates that he exhausted his administrative remedies with the United States Equal Employment Opportunity Commission ("EEOC") and obtained a Right-To-Sue Notice from the EEOC prior to filing the instant Request for Permission. *See* 42 U.S.C. § 2000e-5(f)(1); *see also McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213-14 (2d Cir. 2006) (Before bringing suit in federal court under Title VII, a private plaintiff must file

timely administrative charges with the EEOC and receive a right-to-sue letter).[1]

Accordingly,

IT IS HEREBY ORDERED that Hines's Request for Permission to file a new action is denied with prejudice; and

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: _Feb. 10_, 2015

---

[1] The Court will address the imposition of an absolute and complete filing bar in a separate order to be issued in 13-mc-27A.